UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARKING WORLD WIDE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-01499-AGF |
| | ) |
| CITY OF SAN FRANCISCO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Parking World Wide, LLC brought this patent infringement action against Defendants Oracle Corporation ("Oracle Corp."), the City of San Francisco ("San Francisco"), and Serco Group Plc.[1]  Both Oracle Corp. and San Francisco have now moved to dismiss the complaint for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), and for failure to state a claim, pursuant to Rule 12(b)(6). *See* ECF Nos. 27 & 37.  San Francisco additionally argues that Plaintiff lacks standing.  Because the Court finds that venue is improper as to Plaintiff's claims against both of these Defendants, the Court will dismiss those claims without prejudice and without reaching the other arguments.

---

[1]  Plaintiff originally named ParkingCarma; the City of Clayton, Missouri; and Passport Labs, Inc., as additional Defendants but later voluntarily dismissed them from this case. *See* ECF No. 50.

Following briefing on the motions to dismiss, Plaintiff also filed a motion for leave to amend the complaint. The proposed amended complaint does not alter the venue allegations or any other allegation against Oracle Corp. or San Francisco. Rather, it simply removes any references to the dismissed parties (ParkingCarma, City of Clayton, and Passport Labs, Inc.) and it replaces Defendant Serco Group Plc with Serco, Inc. for the asserted reason that Plaintiff has determined that the latter is the proper defendant to this action. Because the proposed amended complaint does not establish proper venue as to Oracle Corp. or San Francisco, the Court will deny the motion for leave to amend in part for futility, to the extent that it continues to assert claims against Oracle Corp. and San Francisco. However, pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court will otherwise grant the motion for leave to amend and order Plaintiff to effect prompt service of process on the newly named Defendant, Serco, Inc.[2]

## DISCUSSION

The "sole and exclusive provision controlling patent infringement actions" such as this one is 28 U.S.C. § 1400(b). *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (citation omitted). That statute provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Supreme Court has held that

---

[2]  Although Plaintiff has filed proof of service (ECF No. 49) purporting to reflect service on Serco, Inc., Plaintiff had not at that time named Serco, Inc. as a defendant. Once the amended complaint is filed properly naming Serco, Inc. as a defendant, Plaintiff must promptly effect proper service on Serco, Inc.

2

"the judicial district where the defendant resides" means only the state of incorporation for a domestic corporate defendant. *TC Heartland*, 137 S. Ct. at 1520.

"It is well established that a plaintiff must establish proper venue for each defendant." *Berall v. Teleflex Med. Inc.*, No. 10-CV-5777 (LAP), 2022 WL 2666070, at *3 (S.D.N.Y. July 11, 2022); *see also Andra Grp, LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283, 1287 (Fed. Cir. 2021) (noting that "to establish venue in this case, [plaintiff] must show that each Defendant committed acts of infringement and maintains a regular and established place of business in the" district at issue). "Whether venue is appropriate in a patent infringement action is unique to patent law and therefore Federal Circuit law applies." *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022) (citation omitted). In the Federal Circuit, "[t]he burden to establish venue in patent infringement cases rests with the plaintiff." *Id.* (citation omitted). In determining whether venue is proper, the Court may consider matters outside the complaint. *See Post Consumer Brands, LLC v. Gen. Mills, Inc.*, No. 4:17-CV-2471 SNLJ, 2017 WL 4865936, at *1 (E.D. Mo. Oct. 27, 2017). For example, the Court may consider the affidavits that Oracle Corp. filed in support of its motion to dismiss for improper venue. *See* ECF Nos. 28-2 & 35-1.

Plaintiff has not alleged or established that either Oracle Corp. or San Francisco reside in the Eastern District of Missouri.³ Rather, Plaintiff concedes that Oracle Corp. is

---

³ Plaintiff's complaint alleges that "[v]enue is proper in this court as the patented method in question was developed in this district and patented while in this district. 35 USC § 1338." ECF No. 1 at ¶ 8. However, there is no statute codified at 35 U.S.C. § 1338. To the extent that Plaintiff intended to refer to 28 U.S.C. § 1338, that statue

3

incorporated in Delaware and that San Francisco is a municipal corporation residing in California. Plaintiff thus relies on the second prong of § 1400(b) to establish venue. Plaintiff specifically alleges that discovery may reveal that both Oracle Corp. and San Francisco committed acts of infringement in the Eastern District of Missouri.

However, Plaintiff ignores the remainder § 1400(b)'s second prong,[4] which requires that the defendant have a regular and established place of business in this judicial district. To satisfy the "regular and established place of business" prong, the Federal Circuit has established that all three of the following requirements must be met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Plaintiff has not alleged or presented any evidence that San Francisco has a regular and established place of business in this judicial district. As to Oracle Corp., the only evidence Plaintiff offers is a screenshot of the St. Louis County Assessor's Office website purporting to reflect the personal property tax filings of "Oracle America, Inc." *See* ECF No. 34-2. But Oracle America, Inc. is not a party to this lawsuit, and Plaintiff has not offered any argument or evidence to establish that the company named in this lawsuit—

---

provides for jurisdiction over patent infringement actions but does not address venue for such actions. Rather, as Plaintiff concedes in its response briefs, § 1400(b) is the applicable venue statute and does not depend on where the patented method was developed or patented but only where the defendant resides or has a regular and established place of business.

[4] As Oracle Corp. notes, however, Plaintiff's complaint does not allege any acts of infringement by Oracle Corp. in the Eastern District of Missouri.

Oracle Corp.—has a physical place in this district.[5] *Post Consumer Brands*, 2017 WL 4865936, at *2 ("Ultimately, so long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other for the purpose of determining proper venue.") (citation omitted). Further, nothing in Plaintiff's filings suggests that discovery would reveal a basis for demonstrating proper venue as to either Oracle or San Francisco. *See Green Source Holdings, LLC v. Ingevity Corp.*, No. 1:18-CV-1067, 2019 WL 1995402, at *5 (W.D. Ark. May 6, 2019) ("In light of Defendants' specific declaration and the lack of any concrete proffer from Plaintiff, the Court finds that Plaintiff has failed to establish that venue discovery is warranted."). Therefore, the Court will not permit Plaintiff to engage in such discovery.

In short, Plaintiff has not established that venue is proper in this district as to Oracle or San Francisco under § 1400(b). Therefore, the Court must dismiss Plaintiff's claims against these Defendants unless the "interests of justice" warrant transfer to a district in which it could have been brought. *See* 28 U.S.C. § 1406(a). Given that this case is in its infancy and Plaintiff has not suggested that a dismissal as opposed to

---

[5] To the contrary, Oracle Corp. has submitted evidence that Oracle America, Inc. is a subsidiary and that the personal property tax filings of that separate entity relate to personal tangible property rather than any real estate. Oracle Corp. has likewise submitted evidence that it had no physical place of business in this district when the complaint was filed, which is the relevant time for purposes of the patent venue statute. *See* ECF No. 35; *see also Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017) ("This court concludes that venue is determined under § 1400(b) by the facts and situation as of the date suit is filed. This is the plain reading of § 1400(b), the pertinent provisions of which are written in the present tense.").

transfer would result in prejudice, the Court concludes that dismissal is appropriate. Further, as noted above, Plaintiff's proposed amended complaint does not cure the venue-related deficiencies as to Oracle Corp. or San Francisco. Therefore, the Court will deny Plaintiff's motion for leave to amend in part on the basis of futility, to the extent the proposed amended complaint continues to assert claims against Oracle Corp. and San Francisco. *See Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013) (holding that leave to amend may be denied for futility).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Oracle Corporation's and the City of San Francisco's motions to dismiss are **GRANTED**, solely on the basis of improper venue. ECF Nos. 27 & 37. Plaintiff's claims against these Defendants are therefore **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 52. The motion is **DENIED** as to Plaintiff's proposed claims against Defendants Oracle Corporation's and the City of San Francisco, which claims will be dismissed without prejudice; the motion is otherwise **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file ECF No. 52-2 as Plaintiff's amended complaint, which will be deemed limited in the manner set forth above; shall add Serco, Inc. as a party defendant; and shall terminate Serco Group Plc, Oracle Corporation, and City of San Francisco as party defendants.

6

**IT IS FURTHER ORDERED** that Plaintiff shall promptly effect proper service on the new defendant, Serco, Inc.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2022.